```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| LOUISE BARBER,                       : |   |                              |
|     Plaintiff,                       : |   |                              |
| V.                                   : |   | CASE NO. 3:04CV1198 (RNC)    |
| POSTMASTER GENERAL, U.S.,            : |   |                              |
| JOHN E. POTTER, BARRY DONAHUE        : |   |                              |
|     Defendants.                      : |   |                              |

<u>RULING AND ORDER</u>

Plaintiff, a former employee of the United States Postal Service, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983, against the Postmaster General, John E. Potter, and her former supervisor, Barry Donahue, claiming that Donahue retaliated against her for exercising her First Amendment rights and singled her out for reprimand and harassment because of her sex.

Donahue has moved to dismiss the claims against him on the ground that he is not a proper defendant under either Title VII or § 1983.  He is correct on both counts.  The only proper defendant with regard to plaintiff's Title VII claim is the Postmaster General.  <u>See</u> <u>DiPompo v. W. Point Military Acad.</u>, 708 F.Supp. 540, 546-47 (S.D.N.Y. 1989).  And there is no allegation that Donahue, a federal employee, acted under color of state law, which is an essential element of a claim under § 1983.  <u>See</u> <u>Kern v. City of Rochester</u>, 93 F.3d 38, 43 (2d Cir. 1996).

Accordingly, Donahue's motion to dismiss must be granted.

The Postmaster General has moved to dismiss the Title VII claim on the ground that plaintiff failed to exhaust administrative remedies before filing suit.  In accordance with the provisions of Title VII applicable to federal employees, plaintiff filed a complaint with the Postal Service EEOC on February 2, 2004.  To exhaust her administrative remedies, she was obliged to refrain from filing suit until the EEOC dismissed the complaint or failed to act on the complaint for 180 days. See 42 U.S.C. § 2000e-16(c).  Plaintiff did not wait quite that long.  She filed the complaint in this case on July 20, 2004, before the expiration of the 180-day period.  In the absence of agency action, this constituted a failure to exhaust administrative remedies.

Plaintiff asks for a finding that her Postal Service EEOC complaint was effectively filed for purposes of computing the 180-day period the day she signed it, which was two weeks before she put it in the mail.  This is asking too much.  Merely signing a complaint clearly does not constitute "filing" it under any reasonable construction of the word.

Plaintiff asks the court to estop defendant from raising the defense of failure to exhaust administrative remedies.  Noncompliance with Title VII's procedural requirements may be excused on equitable grounds, see Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002), but estoppel may be invoked only when the government has engaged in misconduct, see Pollock

v. Chertoff, 361 F. Supp. 2d 126, 134 (W.D.N.Y. 2005), which is not alleged here.

Because plaintiff filed suit before her administrative remedies were exhausted, her Title VII claim must be dismissed. To dismiss the case with prejudice because plaintiff filed suit a couple of weeks early strikes me as "out of tune with the benevolent purposes of [Title VII]." Weise v. Syracuse Univ., 522 F.2d 397, 413 (2d Cir. 1975). Accordingly, the claim will be dismissed without prejudice to enable plaintiff to pursue whatever administrative remedy might remain available.

The Postmaster General has also moved to strike plaintiff's request for compensatory and punitive damages. Because the Title VII claim must be dismissed, the motion to strike is denied as moot.[1]

Accordingly, the motions to dismiss (Docs. #10, #13) are granted, and the motion to strike (Doc. #15) is denied. The Title VII and § 1983 claims against Donahue are dismissed with prejudice. The Title VII claim against the Postmaster General is dismissed without prejudice. The Clerk may close the file.

---

[1] It should be noted, however, that in a Title VII action, compensatory damages are capped at $300,000, see 42 U.S.C. § 1981a(b)(3)(D), and 42 U.S.C. § 1981a(b)(1) does not permit an award of punitive damages against a government agency. See Ausfeldt v. Runyon, 950 F. Supp. 478, 487-88 (N.D.N.Y. 1997).

So ordered.

Dated at Hartford, Connecticut this 30th day of September 2005.

```
             _____/s/_____
                    Robert N. Chatigny
                United States District Judge
```